[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-10645
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-00135-CR-2-RDP-JEO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMIE SAND TYREE,
a.k.a. Tommie Foo,

Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------

**(April 11, 2008)**

Before EDMONDSON, Chief Judge, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-Appellant Tommy Sand Tyree appeals his conviction and life sentence after a jury found him guilty of distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). No reversible error has been shown; we affirm.

The charge against Tyree stemmed from a controlled drug buy made by a confidential informant ("CI") from Tyree in October 2004. At trial, the government first introduced evidence of a prior controlled drug buy made by the CI in September 2004. Officer James Davis testified that the CI called Tyree to arrange a purchase of drugs and that the CI, equipped with a wire transmitter, drove to a house where an unknown man entered his car and said "Tommy told me." The CI then purchased drugs from the unknown man.

Officer Davis also indicated that, the following month, the CI again called Tyree to arrange for a purchase of drugs. Officer Davis testified that the CI drove to a different location than the September transaction. According to Davis, he heard the CI -- via the wire -- enter the house, heard Tyree's voice in the house, and listened to the CI and Tyree conduct a drug transaction. Later, the CI gave Officer Davis the drugs he had purchased.

The CI also testified at trial, noting that, about the September buy, he drove to a house he knew to be occupied by Tyree. But before he got out of his car, a

man he knew named Irvin approached the car, got in, and gave him the drugs. On cross and redirect examination, the CI testified that Irvin said to him "Tommy told me to give you this," referring to the drugs. About the October buy, the CI stated that he went to a different house where Tyree was present, that Tyree took his money and gave the drugs to another person present in the house, who then gave the drugs to the CI. The CI clarified that he saw the drugs in Tyree's hand.

We first address Tyree's argument that Officer Davis's testimony about Irvin's statement "Tommy told me" to the CI during the September buy constituted inadmissible hearsay because the statement implicated him as an accomplice to the drug distribution. We review a district court's evidentiary rulings for an abuse of discretion. United States v. Magluta, 418 F.3d 1166, 1177 (11th Cir. 2005).[1] Hearsay, which generally is not admissible at trial, is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c), 802. A statement may be admissible as nonhearsay if it is probative of an issue at trial apart from the truth or falsity of its contents. United States v. Postal, 589 F.2d 862, 888 (5th Cir. 1979).

---

[1]Before Davis's testimony about the CI's cooperation, Tyree made an objection and a discussion was had off record; the government states on appeal that Tyree made a hearsay objection. We assume, for purposes of deciding this appeal, that Tyree has preserved this issue.

Davis's statement "Tommy told me" arguably was hearsay if it was offered to prove that Tyree had spoken to Irvin about the drugs.[2] But a non-constitutional error is harmless if, after reviewing the proceedings in their entirety, we determine that the error "did not affect the verdict, or had but very slight effect." Magluta, 418 F.3d at 1180 (quotations omitted). And we so determine here. Testimony about the September buy was not essential to the government's case because Tyree's conviction was based on the October buy and because the government presented evidence -- through the CI's testimony -- of (1) Tyree's knowledge of the circumstances surrounding the October buy; (2) Tyree's control of the drugs; and (3) circumstances which directly showed Tyree's intent to distribute the drugs. See Poole, 878 F.2d at 1391-92. In addition, the entirety of Irvin's statement was introduced, without objection, during the CI's testimony on cross and redirect examination: making it cumulative. See United States v. Hunerlach, 197 F.3d 1059, 1067 n.9 (11th Cir. 1999) (explaining that factors in determining whether an error is harmless include, among other things, the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, and the overall strength of the prosecution's case).

---

[2]A cocaine distribution conviction requires proof of knowledge, possession, and intent to distribute; and evidence of surrounding circumstances can prove knowledge. United States v. Poole, 878 F.2d 1389, 1391-92 (11th Cir. 1989).

Tyree also argues that admission of Irvin's statement violated his Confrontation Clause rights because Irvin was unavailable for cross-examination about the statement. In district court, Tyree did not object on constitutional grounds; so we review his claim for plain error. United States v. Arbolaez, 450 F.3d 1283, 1291 n.8 (11th Cir. 2006); United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).[3]

When hearsay evidence is testimonial, the Confrontation Clause requires unavailability and a proper opportunity for cross-examination. United States v. Underwood, 446 F.3d 1340, 1346 (11th Cir.), cert. denied, 127 S.Ct. 225 (2006), (citing Crawford v. Washington, 124 S.Ct. 1354, 1374 (2004)). A statement is testimonial when it is made under circumstances that would lead the declarant to believe reasonably that the statement would be available for use at a later trial. Id. at 1347.

Here, we conclude that the Confrontation Clause was not implicated -- and the district court did not err -- because Irvin's statement was not testimonial. Irvin made the statement to a CI in the context of a controlled drug buy, a circumstance that would not have led him to believe reasonably that it would be available for

_____

[3]Under a plain-error analysis, we may not correct the error unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights," and "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

use at a later trial. Id. (challenged evidence -- determined to be non-testimonial -- consisted of recorded conversations between CI and declarant arranging a drug buy).

Tyree next argues that Fed.R.Evid. 609(b)'s 10-year limit on the use of prior felony convictions for impeachment purposes also should apply to the statutory enhancement based on prior convictions in section 841(a)(1)(A) and (B). He says the time limitation indicates that a criminal can be rehabilitated. We review this claim for plain error because Tyree did not raise it in the district court. Rodriguez, 398 F.3d at 1298.

Tyree's argument is without merit. If a violation of section 841(a) involves 50 grams or more of cocaine base, and the person commits the violation "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841(b)(1)(A). By the plain language of the statute, no time limitation applies to the felonies that trigger the enhanced sentencing provision. United States v. Hudacek, 24 F.3d 143, 146 (11th Cir. 1994). That Rule 609(b) includes a time limitation on the use of prior convictions for impeachment purposes has no bearing on the statutory enhancement in section 841(b)(1)(A).

6

We now address Tyree's sentencing argument that his life sentence is greater than necessary to promote the goals of sentencing contained in 18 U.S.C. § 3553(a)(2) because of the penalty disparity between powder cocaine and cocaine base. After United States v. Booker, 125 S.Ct. 738 (2005), we review sentences for reasonableness in the light of the section 3553(a) factors. United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). But, even after Booker, a district court has no discretion to sentence below a statutory mandatory minimum sentence. United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir.), cert. denied, 127 S.Ct. 457 (2006) (explaining that district court did not err when it determined that Booker did not give it discretion to grant relief from mandatory minimum sentence).

Here, the government filed a sentencing enhancement pursuant to 21 U.S.C. § 851 based on Tyree's two prior felony drug convictions. Thus, Tyree was subject to a mandatory minimum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A). So, the penalty disparity between powder cocaine and cocaine base had no bearing on Tyree's sentence because the sentence was not the product of a Guidelines calculation or statutory drug quantity of cocaine base, but instead, was mandated by statute based on his prior drug convictions. See United States v. Raad, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005) (when a district court correctly

7

imposed the statutory mandatory minimum sentence, an error in the Guidelines calculation is harmless and we need not address an argument about the calculation). And the district court committed no error because it had no discretion to sentence Tyree below the mandatory minimum of life imprisonment. See Brehm, 442 F.3d at 1300.

Accordingly, we affirm Tyree's conviction and sentence.

**AFFRIRMED.**