UNITED STATES of America, Plaintiff

v.

Juan G. RIVERA–IBARRONDO,
Defendant.

Criminal No. 10–0244 (GAG).

United States District Court,
D. Puerto Rico.

Oct. 20, 2010.

Alberto R. Lopez–Rocafort, U.S. Attor-
ney's Office, Torre Chardon, San Juan,

PR, Olga B. Castellon–Miranda, United States Attorney's Office, San Juan, PR, for Plaintiff.

### ORDER OF DETENTION PENDING TRIAL

JUSTO ARENAS, United States Chief Magistrate Judge.

The defendant Juan G. Rivera–Ibarrondo is charged in a 103–defendant, 44–page indictment dated July 7, 2010, with knowingly and intentionally conspiring to possess with the intent to distribute in Mayagüez, Puerto Rico, and nearby areas, 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, and in excess of 100 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, within 1,000 feet of the real property comprising the Candelaria, Kennedy and El Carmín Public Housing projects, housing facilities owned by a public housing authority, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 960. He was also charged in four counts of the indictment with aiding and abetting in related substantive offenses as well as another count of the indictment with conspiring to possess firearms during and in relation to narcotics trafficking offenses. (Docket No. 3.) The defendant is described in the indictment as one of the managers of the drug trafficking organization who would hand out bundles or packages of narcotics to other sellers for subsequent distribution. The defendant also allegedly acted as a seller for the organization at some point and allegedly possessed firearms in furtherance of the drug trafficking operation. The government seeks detention of this defendant pending trial.

Under 18 U.S.C. § 3141 *et seq.*, judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia,* flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond. 18 U.S.C. § 3142(e).

The detention hearing was held on August 20, 2010. (Docket No. 576.) At the hearing, the United States was represented by Assistant United States Attorney Michael Bagge and the defendant was represented by counsel Sonia Torres–Pabón. The defendant did not have evidence at the time to rebut the presumption that he was a risk of flight and a danger to the community.

On September 20, 2010, the defendant submitted a motion for re-opening of the bail hearing. (Docket No. 695.) The defendant contends that because he is a life long resident of Puerto Rico and that the current charges are likely a rehash of the local charges he was already convicted of, that he now has evidence to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. (*Id.*) A de novo bail hearing was held on October 19, 2010. The defense proffered information favorable to the defendant including his being a lifelong resident of Mayagüez, and his having surrendered to authorities the month after the arrests were made in July, 2010. The government's proffer was not so flattering. The defendant was portrayed as

the manager for a crack distribution point at the Candelaria public housing project and the government provided other information having to do with a previous arrest on charges that were dismissed, such as the defendant's having $1,000 in his possession upon arrest, and later giving inconsistent statements about having a passport, as well as testing positive in a urine analysis for cocaine and benzodiazepine upon his latest arrest. The defendant has an eight-year old drug felony conviction in the Commonwealth of Puerto Rico Court of First Instance for which he received a five-year sentence of probation. This conviction triggers the enhanced penalty provisions of 21 U.S.C. § 851, thus subjecting the defendant to a minimum term of imprisonment of twenty years if convicted should the prosecutor timely file an information notifying the defendant of the government's intention to seek such an enhanced penalty. *See* 21 U.S.C. § 841(b); *see United States v. Tyree*, 273 Fed.Appx. 830, 833 (11th Cir.2008); *United States v. Moscaritolo*, slip op. 2010 WL 309679 (D.N.H. Jan. 26, 2010).

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g), a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

■■■ During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that " 'no condition or combination of conditions will reasonably assure' defendant's presence at trial. . . ." *United States v. Pérez–Franco,* 839 F.2d 867, 870 (1st Cir.1988) (quoting *United States v. Palmer–Contreras,* 835 F.2d 15, 17–18 (1st Cir.1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. *See United States v. Patriarca,* 948 F.2d 789, 792–93 (1st Cir.1991). Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.

Among the instances where a presumption arises is the situation where,

> the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.
>
> . . .
>
> an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export

Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46[.]

18 U.S.C. § 3142(e)(1)(3)(A). The defendant faces a term of imprisonment of ten years, possibly 20 years, to life if convicted.

The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them. Further, the offenses charged against the defendant, Juan G. Rivera–Ibarrondo, are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* Thus, as stated by the government at the detention hearing, section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance ... and the safety of ... the community ...." is triggered in this case. *See* 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); *see also United States v. Vargas,* 804 F.2d 157, 162–63 (1st Cir. 1986); *United States v. Valdez,* 2010 WL 2583085 (D.N.H. June 22, 2010).

■ In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case...." *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985). Notably, the burden is one of production, not of persuasion. *Id.* at 380–81. Congress intended the presumption to have a practical effect. *Id.* at 382. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g). *United States v. Palmer–Contreras,* 835 F.2d at 18. Title 18 U.S.C. § 3142(e) presumes dangerousness. The Congress felt that a significant consideration in determining danger to the community is the drug network's ability to continue to function while the defendants await trial and that there is a significant risk of pretrial recidivism. S.Rep. No. 98–225, 98th Cong., 42nd Sess. 20, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3203.

I find that the defendant has failed to rebut the presumption with regard to risk of flight. Specifically, the nature and circumstances of the offenses charged carry very lengthy maximum statutory penalties. The proffer of the government is concrete and completely disfavorable to the defendant.

What is true in general has not been proven to be untrue in specific. "Conspiracy in federal law aggravates the degree of crime over that of unconcerted offending." *Krulewitch v. United States,* 336 U.S. 440, 449, 69 S.Ct. 716, 93 L.Ed. 790 (1949); *United States v. Amaro–Rodríguez,* 593 F.Supp.2d 382, 385 (D.P.R.2008). "[C]ollective criminal agreement partnership in crime presents a greater potential threat to the public than individual acts.... Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed." *United States v. Amaro–Rodríguez,* 593 F.Supp.2d at 385 (quoting *Jeffers v. United States,* 432 U.S. 137, 157, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977)) (quoting *Callanan v. United States,* 364 U.S. 587, 593–94, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961)).

I adopt by reference the information and recommendation of the pretrial report of the United States Probation Office. The nature and circumstances of the offense, size and extent of enterprise, identity of the drugs involved, role of this offender, severity of the penalties and strength of the government's case weigh heavily in this decision. *See* 18 U.S.C. § 3142(g)(1).

The defendant has failed to rebut the presumption established by 18 U.S.C.

§ 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

Defendant JUAN G. RIVERA–IBARRONDO is detained pending trial.

It is ORDERED that JUAN G. RIVERA–IBARRONDO be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendant JUAN G. RIVERA–IBARRONDO be afforded reasonable opportunity to consult with his attorney in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.