**UNITED STATES of America, Plaintiff**

**v.**

**Narciso AGOSTO–VIVES, Defendant.**

**Criminal No. 10–1166M (JA).**

United States District Court,
D. Puerto Rico.

Dec. 29, 2010.

Charles R. Walsh, United States Attorney's Office, San Juan, PR, for Plaintiff.

*ORDER OF DETENTION PENDING TRIAL*

JUSTO ARENAS, United States Chief Magistrate Judge.

The defendant Narciso Agosto–Vives is charged in a complaint dated December 22, 2010 with knowingly and intentionally attempting to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. Specifically, as reflected in the supporting affidavit, he is charged with knowingly and intentionally attempting to possess with intent to distribute 25 kilograms of cocaine and ten kilograms of heroin. The government seeks detention of this defendant pending trial.

Under 18 U.S.C. § 3141 *et seq.,* judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia,* flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond. 18 U.S.C. § 3142(e).

The detention hearing was held today. At the hearing, the United States was represented by Assistant United States Attorney Elba Gorbea and the defendant was represented by counsel Carla López and Robert Millán, Esqs. The United States proffered information related to the defendant's participation in the enterprise and the events leading to the defendant's arrest. During a visual inspection of a container which had arrived at the port of San Juan on December 21, 2010, on the M/V Unichart, Customs and Border Patrol officers discovered that the high security

bolt serial number did not match the serial number manifested in the bill of lading. Upon opening the container doors, the officers saw a bag which contained brick-shaped packages which later proved to contain heroin and cocaine. The officers sealed the container with a new high security bolt and maintained surveillance. Later the same day, officers nearby heard a strong metal sound and discovered a bolt cutter next to the container, as well as the defendant who was standing nearby, and was taken into custody. The defendant later made admissions regarding payment he was to receive for retrieving the controlled substances and details of instructions he had received to deliver the goods to an unknown person. The serial number of the container was written in blue ink on the palm of his hand.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that " 'no con-

dition or combination of conditions will reasonably assure' defendant's presence at trial . . . ." *United States v. Pérez–Franco,* 839 F.2d 867, 870 (1st Cir.1988) (quoting *United States v. Palmer–Contreras,* 835 F.2d 15, 17–18 (1st Cir.1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. *See United States v. Patriarca,* 948 F.2d 789, 792–93 (1st Cir.1991). Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

. . .

an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46[.]

18 U.S.C. § 3142(e)(1)(3)(A). Because of the quantities of heroin and cocaine subject of the complaint, the defendant faces a term of imprisonment of ten years to life if convicted.

The proffered information forms the basis for my determination of probable cause to believe that the offense charged has been committed and that the defendant Narciso Agosto–Vives has committed the offense. Further, the offense charged against the defendant is one for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* Thus, as stated by the government at the detention hearing, section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance ... and the safety of ... the community ...." is triggered in this case. *See* 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); *see also United States v. Vargas,* 804 F.2d 157, 162–63 (1st Cir.1986); *United States v. Valdez,* Slip Copy, 2010 WL 2583085, *1 (D.N.H. June 22, 2010).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case...." *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985). Notably, the burden is one of production, not of persuasion. *Id.* at 380–81. Congress intended the presumption to have a practical effect. *Id.* at 382. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g). *United States v. Palmer–Contreras,* 835 F.2d at 18. Title 18 U.S.C. § 3142(e) presumes dangerousness. The Congress felt that a significant consideration in determining danger to the community is the drug network's ability to continue to function while the defendants await trial and that there is a significant risk of pretrial recidivism. S.Rep. No. 98–225, 98th Cong., 42nd Sess. 20, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3203. The defendant stresses that he has strong family ties, a solid work history, and is definitely not a risk of flight. He has worked for Intership, a maritime transportation company as a maritime cargo port employee, for the last 15 years. He is currently a driver. He has a consensual relationship and has four children from two prior consensual relationships.

■ Notwithstanding the defense proffer and the recommendation of the Probation Office that there are conditions of release which I can fashion to reasonably assure the presence of the defendant at further court proceedings, I find that the defendant has failed to rebut the presumption with regard to risk of flight. Specifically, the nature and circumstances of the offense charged carries a lengthy maximum statutory penalty. The proffer of the government is not insignificant. The strength of the government's case is apparent. The defendant is a driver for Intership and is not allowed, as a driver, to be in or near a container, and particularly trying to open the door of the container. Indeed, he was not scheduled to work on December 21, 2010.

What is true in general has not been proven to be untrue in specific. While the defendant is charged individually, he is obviously a part of a partnership which includes members in the Dominican Republic and Puerto Rico. A "collective criminal agreement partnership in crime presents a greater potential threat to the public than individual acts.... [T]he danger of a conspiratorial group [is not] limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed." *United States v. Amaro–Rodríguez,* 593 F.Supp.2d 382, 385 (D.P.R.2008) (quoting *Jeffers v. United States,* 432 U.S. 137, 157,

97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), which in turn quotes *Callanan v. United States,* 364 U.S. 587, 593–94, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961)). There is a sophisticated drug distribution enterprise involved, and the defendant is clearly an essential part, a linchpin for the success of continued distribution in Puerto Rico, an island which is a well-known transhipment axle. While the defendant's role may appear minor, it is crucial and essential for this clearly extensive enterprise to succeed.

Admittedly, the nature and circumstances of the offense, size and extent of enterprise, identity of the drugs involved, and severity of the penalties and strength of the government's case weigh heavily in this decision. *See* 18 U.S.C. § 3142(g)(1).

The defendant has failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

Defendant Narciso Agosto–Vives is detained pending trial.

It is ORDERED that Narciso Agosto–Vives be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendant Narciso Agosto–Vives be afforded reasonable opportunity to consult with his attorney in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.