**UNITED STATES of America, Plaintiff**

v.

■ **Luis JIMÉNEZ–RIVERA, Defendant.**

**Criminal No. 07–0547(ADC).**

United States District Court, D. Puerto Rico.

Jan. 27, 2011.

Cesar S. Rivera–Giraud, United States Department of Justice, U.S. Attorneys Office, Hato Rey, PR, G. Andrew Massucco–Lataif, Olga B. Castellon–Miranda, United States Attorney's Office, San Juan, PR, for Plaintiff.

### ORDER OF DETENTION PENDING TRIAL

JUSTO ARENAS, United States Chief Magistrate Judge.

The defendant Luis Jiménez–Rivera is charged in six of eight counts in a 121–defendant, 8–count, 43–page indictment dated December 11, 2007. Count one charges the defendant, and 120 other defendants, with knowingly and intentionally conspiring, combining, and agreeing together and with each other and others known and unknown to Grand Jury, to commit offenses against the United States, that is, to possess with intent to distribute one kilogram or more of heroin, a Schedule I, Narcotic Drug Controlled Substance; 50 grams or more of cocaine base (hereinafter referred to as "crack"), a Schedule II, Narcotic Drug Controlled Substance; five kilograms or more of cocaine, a Schedule II, Narcotic Drug Controlled Substance, and 100 kilograms or more of a substance containing a detectable amount of marihuana, a Schedule I, Controlled Substance, within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, the Jardines de Sellés and El Prado Public Housing Projects located in San Juan, Puerto Rico and Las Flores and Liborio Ortiz Public Housing projects located in Aibonito, Puerto Rico. All in violation of 21 U.S.C. §§ 846, 841(a)(1), and 860. The defendant is also charged in four counts of the indictment with aiding and abetting in related substantive offenses. (Docket No. 2.) The defendant, who is also known as "Tony Simba" is described in the indictment as the owner of a heroin distribution point located at the Jardines de Sellés Public Housing Project and who also acted as an enforcer in the conspiracy. The government seeks detention of this defendant pending trial.

Under 18 U.S.C. § 3141 *et seq.*, judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia,* flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond. 18 U.S.C. § 3142(e).

The detention hearing was held on January 25, 2011. At the hearing, the United States was represented by Assistant United States Attorney Mariana Bauzá and the defendant was represented by counsel Eric Pijuan. The United States proffered information related to the defendant's participation in the enterprise, focusing on his role as described above, the rebuttal presumption and the fact that the defendant has remained a fugitive for three years while the great majority of the defendants have already been arrested. (Three defendants are currently on trial and 52 defendants have entered guilty pleas in front of me alone, with almost half of the rest having entered pleas before another United States magistrate judge and the trial judge.)

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

■ During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that " 'no condition or combination of conditions will reasonably assure' defendant's presence at trial...." *United States v. Perez–Franco*, 839 F.2d 867, 870 (1st Cir.1988) (quoting *United States v. Palmer–Contreras*, 835 F.2d 15, 17–18 (1st Cir.1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. *See United States v. Patriarca*, 948 F.2d 789, 792–93 (1st Cir.1991). Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

. . .

an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46[.]

18 U.S.C. § 3142(e)(1)(3)(A). The defendant faces a term of imprisonment of ten years to life if convicted.

■ The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant Luis A. Jiménez–Rivera has committed them. Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* Thus, as stated by the government at the detention hearing, section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of . . . the community . . ." is triggered in this case. *See* 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); *see also United States v. Vargas*, 804 F.2d 157, 162–63 (1st Cir. 1986); *United States v. Valdez*, slip op., 2010 WL 2583085 (D.N.H. June 22, 2010).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that

"what is true in general is not true in [his] particular case...." *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985). Notably, the burden is one of production, not of persuasion. *Id.* at 380–81. Congress intended the presumption to have a practical effect. *Id.* at 382. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g). *United States v. Palmer–Contreras,* 835 F.2d at 18; *United States v. Robles–Olivo,* 720 F.Supp.2d 167, 169 (D.P.R.2010.) Title 18 U.S.C. § 3142(e) presumes dangerousness. The Congress felt that a significant consideration in determining danger to the community is the drug network's ability to continue to function while the defendants await trial and that there is a significant risk of pretrial recidivism. S.Rep. No. 98–225, 98th Cong., 42d Sess. 20, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3203.

Notwithstanding the defense proffer that there are conditions of release which I can fashion to reasonably assure the presence of the defendant at further court proceedings, I find that the defendant has failed to rebut the presumption with regard to risk of flight. Specifically, the nature and circumstances of the offenses charged carry very lengthy maximum statutory penalties. The defendant's sources of income are easily described as car washer for the last eight years. He argues that he has never made enough money to have to file income tax forms. Nevertheless, he owns a home in Florida which he rents, and also pays child support of $500 a month for two children living in Florida and no child support for another minor living in Puerto Rico. He has a mortgage of $865 a month and income rental of $1,100 a month. All of this without filing income tax statements while having a gross yearly income of over $26,000. It is difficult to gauge his financial worth and

true income under the circumstances. I cannot ignore the rule that persons charged with major drug offenses often have resources necessary to escape with ease. *See United States v. Rodriguez–Adorno,* 606 F.Supp.2d 232, 241 (D.P.R. 2009) (citing *United States v. Palmer–Contreras,* 835 F.2d at 17–18).

What is true in general has not been proven to be untrue in specific. "Conspiracy in federal law aggravates the degree of crime over that of unconcerted offending." *Krulewitch v. United States,* 336 U.S. 440, 449, 69 S.Ct. 716, 93 L.Ed. 790 (1949); *United States v. Amaro–Rodríguez,* 593 F.Supp.2d 382, 385 (D.P.R.2008). "[C]ollective criminal agreement partnership in crime presents a greater potential threat to the public than individual acts.... Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed." *Id.* (quoting *Jeffers v. United States,* 432 U.S. 137, 157, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), which in turn quotes *Callanan v. United States,* 364 U.S. 587, 593–94, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961)). This particular drug distribution enterprise, of which this defendant is probably a substantial heroin supplier and enforcer, is huge in relation to many others in Puerto Rico. The defendant's leading role as an owner of a drug distribution point in a protected area is crucial and essential for this extensive enterprise to succeed.

I adopt by reference the information and recommendation of the pretrial report of the United States Probation Office. Admittedly, the nature and circumstances of the offense, size and extent of enterprise, identity of the drugs involved, role of this offender, severity of the penalties and strength of the government's case weigh

heavily in this decision. *See* 18 U.S.C. § 3142(g)(1).

The defendant has failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

Defendant LUIS A. JIMÉNEZ–RIVERA is detained pending trial.

It is ORDERED that LUIS A. JIMÉNEZ–RIVERA be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendant LUIS A. JIMÉNEZ–RIVERA be afforded reasonable opportunity to consult with his attorney in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.