UNITED STATES of America, Plaintiff

v.

Jorge FERNANDEZ–AVILES, Defendant.

Criminal No. 14–722 (m)(SCC).

United States District Court, D. Puerto Rico.

Signed June 24, 2014.

---

**3.** The discovery deadline is February 11, 2015. (Docket No. 56.)

Marquest J. Meeks, United States Department of Justice, Public Integrity Section, Washington, DC, for Plaintiff.

### ORDER OF DETENTION PENDING TRIAL

JUSTO ARENAS, United States Magistrate Judge.

On June 18, 2014, United States Magistrate Judge Silvia Carreño–Coll authorized a complaint charging Jorge Fernandez–Aviles with participating in a conspiracy to intimidate persons in the free exercise or enjoyment of their rights and privileges secured by the Constitution and laws of the United States, in violation of Title 18, United States Code, Section 241. The defendant is also charged with conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951, possession of a firearm in furtherance of a drug trafficking crime and a crime of violence in violation of 18 U.S.C. § 924(c), and conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. The government seeks detention of the defendant pending trial.

Under 18 U.S.C. § 3141 *et seq.*, judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act of 1984, upon motion of the government, and finding by the court of, *inter alia*, flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond. 18 U.S.C. § 3142(e). *United States v. Agosto–Vives,* 757 F.Supp.2d 110, 111 (D.P.R.2010); *see United States v. Acevedo–Ramos,* 600 F.Supp. 501, 503 (D.P.R. 1984).

The preliminary and detention hearings were held yesterday, June 23, 2014. The evidence revealed that then Sergeant Jorge Fernandez–Aviles of the Police of Puerto Rico, other police officers and others who are not members of the police participated in an enterprise to steal and distribute narcotics in the form of two one-eighth kilo bags of powdered cocaine as well as money. The police officers were armed at the time and the method used was that of a home invasion. It appears that the stolen cocaine was later sold and the proceeds distributed among the offending police officers.

On May 21, 2014, in a consensually recorded conversation, the defendant relates the robbery of the cocaine and its details. He also makes reference to a murder he

was not involved in but relates the name of the person who was.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c). *United States v. Matos–Rios*, 2011 WL 814933 (D.P.R. Mar. 8, 2011) at *2; *United States v. Ramos–Gonzalez*, 2009 WL 1044806 (D.P.R. Apr. 20, 2009) at *1.

■ Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. *United States v. Morales–Sanabria*, 832 F.Supp.2d 127, 130 (D.P.R.2011); *United States v. Rivera–Ibarrondo*, 743 F.Supp.2d 81, 83 (D.P.R.2010). During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that " 'no condition or combination of conditions will reasonably assure' defendant's presence at trial. . . ." *United States v. Perez–Franco*, 839 F.2d 867, 870 (1st Cir.1988) (quoting *United States v. Palmer–Contreras*, 835 F.2d 15, 17–18 (1st Cir.1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. *See United States v. Patriarca*, 948 F.2d 789, 792–

93 (1st Cir.1991); *United States v. Graham*, 2014 WL 468969 (D.R.I. Feb. 6, 2014) at *1; *United States v. Doe*, 2012 WL 3668132 (D.N.H. Aug. 23, 2012) at *1. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2). *See United States v. Rodriguez–Romero*, 18 F.Supp.3d 116, 119, 2014 WL 1891138 (D.P.R. May 13, 2014) at *2.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.
>
> . . .
>
> an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46[.]

18 U.S.C. § 3142(e)(1)(3)(A). The defendant faces a term of imprisonment of life if convicted on the weapons charge, to be served consecutively with the sentence for a crime of violence or the drug conspiracy charge.

At the conclusion of the evidence presented at the preliminary hearing, I made a finding of probable cause which triggered the operation of the rebuttable presumption. Further, the offenses charged

against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq. See United States v. Dillon*, 938 F.2d 1412, 1417 (1st Cir.1991); *United States v. Alindato–Perez*, 627 F.Supp.2d 58, 61 (D.P.R.2009). Thus, as stated by the government at the detention hearing, section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance ... and the safety of ... the community ..." is triggered in this case. *See* 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); *see also United States v. Vargas*, 804 F.2d 157, 162–63 (1st Cir. 1986); *United States v. Cidraz–Santiago*, 18 F.Supp.3d 124, 126, 2014 WL 1891227 (D.P.R.2014) at *2.

■ In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case...." *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985); *United States v. Perez–Lugo*, 979 F.Supp.2d 197, 199 (D.P.R.2013). Notably, the burden is one of production, not of persuasion. *Id.* at 380–81; *United States v. Jimenez–Rivera*, 761 F.Supp.2d 3, 6 (D.P.R.2011). Congress intended the presumption to have a practical effect. *Id.* at 382. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g). *United States v. Palmer–Contreras*, 835 F.2d at 18; *United States v. Robles–Olivo*, 720 F.Supp.2d 167, 169 (D.P.R.2010.) Title 18 U.S.C. § 3142(e) presumes dangerousness. The Congress felt that a significant consideration in determining danger to the community is a drug network's ability to continue to function while the defendants await trial and that there is a significant risk of pretrial recidivism. S.Rep.

No. 98–225, 98th Cong., 42d Sess. 20, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3203.

■ Notwithstanding the defense proffer that there are conditions of release which I can fashion to reasonably assure the presence of the defendant at further court proceedings and the safety of the community, I find that the defendant has failed to rebut the presumption with regard to risk of flight and danger to the community. Specifically, the nature and circumstances of the offenses, probably committed as a Sergeant of the Police of Puerto Rico with over 30 years of experience, as well as the lengthy maximum statutory penalties resulting from conviction in four charges, that is, 10 years, 20 years, 20 years and life imprisonment, prove seminal to my conclusion. Indeed, the evidence of guilt and uncharged misconduct is presented by the defendant's own voice in the lengthy consensual recording.

■ What is true in general has not been proven to be untrue in specific. "Conspiracy in federal law aggravates the degree of crime over that of unconcerted offending." *Krulewitch v. United States*, 336 U.S. 440, 449, 69 S.Ct. 716, 93 L.Ed. 790 (1949); *United States v. Rivera–Ibarrondo*, 743 F.Supp.2d at 84; *United States v. Amaro–Rodríguez*, 593 F.Supp.2d 382, 385 (D.P.R.2008). "[C]ollective criminal agreement partnership in crime presents a greater potential threat to the public than individual acts.... Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed." *Id.* (quoting *Jeffers v. United States*, 432 U.S. 137, 157, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), which in turn quotes *Callanan v. United States*, 364 U.S. 587,

 

593–94, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961)). The facts of this case prove the accuracy of these statements. And while I do consider the defendant's interest in being released with conditions, I also recognize the importance of societal interests to protect the safety of the community. *see United States v. Acevedo–Ramos,* 600 F.Supp. at 510.

I adopt by reference the information and recommendation of the pretrial report of the United States Probation Office. Admittedly, the nature and circumstances of the offenses, profession of three of the perpetrators, role of this defendant, severity of the penalties and strength of the government's case weigh heavily in this decision. *See* 18 U.S.C. § 3142(g)(1).

The defendant has failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

Defendant JORGE FERNANDEZ– AVILES is detained pending trial.

It is ORDERED that JORGE FERNANDEZ–AVILES be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendant JORGE FERNANDEZ–AVILES be afforded reasonable opportunity to consult with his attorney in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.