UNITED STATES of America, Plaintiff

v.

Luis A. NUÑEZ–GUERRERO,
Defendant.

Criminal No. 13–401 (GAG).

United States District Court,
D. Puerto Rico.

Signed June 24, 2014.

Edward G. Veronda, Department of Justice, San Juan, PR, for Plaintiff.

Rosa Ivette Bonini–Laracuente, URB Hillside, San Juan, PR, for Defendant.

## ORDER OF DETENTION PENDING TRIAL

JUSTO ARENAS, United States Magistrate Judge.

The defendant Luis A. Nuñez–Guerrero is charged in two counts of a three-count third superceding indictment dated December 11, 2007. Eight other defendants and he are charged with conspiring to possess with intent to distribute approximately 229.5 kilograms (gross weight) of cocaine, a Schedule II, Narcotic Drug Controlled Substance, and of conspiring to import the same amount of cocaine into the United States from a place outside thereof, in violation of in violation of 21 U.S.C. §§ 846 and 963. (Docket No. 146). The government seeks detention of this defendant pending trial.

Under 18 U.S.C. § 3141 *et seq.*, judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act of 1984, upon motion of the government, and finding by the court of, *inter alia*, flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond. 18 U.S.C. § 3142(e). *United States v. Agosto–Vives*, 757 F.Supp.2d 110, 111 (D.P.R.2010).

The detention hearing was held yesterday, June 23, 2014. The United States proffered information related to the defendant's participation in the enterprise, focusing on his role as off loader of a shipment of cocaine at a cay off the coast of Puerto Rico. Furthermore, as the result of a court authorized wire interception, the defendant, a legal resident of the United States, is heard speaking about his role in the importation of the cocaine during a telephone conversation.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the dan-

ger to any person or the community that would be posed by a release. *United States v. Morales–Sanabria,* 832 F.Supp.2d 127, 130 (D.P.R.2011); *United States v. Rivera–Ibarrondo,* 743 F.Supp.2d 81, 83 (D.P.R.2010). During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that " 'no condition or combination of conditions will reasonably assure' defendant's presence at trial...." *United States v. Perez–Franco,* 839 F.2d 867, 870 (1st Cir.1988) (quoting *United States v. Palmer–Contreras,* 835 F.2d 15, 17–18 (1st Cir.1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. *See United States v. Patriarca,* 948 F.2d 789, 792–93 (1st Cir.1991); *United States v. Graham,* 2014 WL 468969 at *1 (D.R.I. Feb. 6, 2014); *United States v. Doe,* 2012 WL 3668132 at *1 (D.N.H. Aug. 23, 2012). Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2). *See United States v. Rodriguez–Romero,* 18 F.Supp.3d 116, 118–20, 2014 WL 1891138 at *2 (D.P.R. May 13, 2014).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

...

an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46[.]

18 U.S.C. § 3142(e)(1), (e)(3)(A). The defendant faces a term of imprisonment of ten years to life if convicted.

■ The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant Luis A. Nuñez–Guerrero has committed them. Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.,* and the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.) *See United States v. Dillon,* 938 F.2d 1412, 1417 (1st Cir.1991). Thus, as stated by the government at the detention hearing, section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance ... and the safety of ... the community ..." is triggered in this case. *See* 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); *see also United States v. Vargas,* 804 F.2d 157, 162–63 (1st Cir.1986); *United States v. Cidraz–Santiago,* 18 F.Supp.3d 124, 126–27, 2014 WL 1891227 at *2 (D.P.R.2014).

■ In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case...." *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985). Notably, the burden is one of production, not of persuasion. *Id.* at 380–81; *United States v. Jimenez–Rivera,* 761 F.Supp.2d 3, 6 (D.P.R.2011). Congress intended the

presumption to have a practical effect. *Id.* at 382. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g). *United States v. Palmer-Contreras,* 835 F.2d at 18; *United States v. Robles–Olivo,* 720 F.Supp.2d 167, 169 (D.P.R.2010.) Title 18 U.S.C. § 3142(e) presumes dangerousness. The Congress felt that a significant consideration in determining danger to the community is the drug network's ability to continue to function while the defendants await trial and that there is a significant risk of pretrial recidivism. S.Rep. No. 98–225, 98th Cong., 42d Sess. 20, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3203.

■ Notwithstanding the defense proffer that there are conditions of release which I can fashion to reasonably assure the presence of the defendant at further court proceedings, I find that the defendant has failed to rebut the presumption with regard to risk of flight. Specifically, the nature and circumstances of the offenses charged carry very lengthy maximum statutory penalties. The defendant's sources of income are described as self-employed gardener for the last 15 years. While he stated that he has filed income tax returns, he has not done so for the last three years. He has four minor children in the Dominican Republic, with four different women, and lives in the consensual relationship here in Puerto Rico with a woman with whom he has had no children. His mother lives in Miami, Florida and his father lives in the Dominican Republic. He has veritably no family or community ties.

What is true in general has not been proven to be untrue in specific. "Conspiracy in federal law aggravates the degree of crime over that of unconcerted offending." *Krulewitch v. United States,* 336 U.S. 440, 449, 69 S.Ct. 716, 93 L.Ed. 790 (1949); *United States v. Rivera–Ibarrondo,* 743 F.Supp.2d at 84; *United States v. Amaro-Rodriguez,* 593 F.Supp.2d 382, 385 (D.P.R. 2008). "[C]ollective criminal agreement partnership in crime presents a greater potential threat to the public than individual acts. . . . Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked. Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed." *Id.* (quoting *Jeffers v. United States,* 432 U.S. 137, 157, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), which in turn quotes *Callanan v. United States,* 364 U.S. 587, 593–94, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961)). The defendant's apparent menial role in this enterprise as an off loader is yet crucial and essential for this enterprise to succeed. *See United States v. Valentin–Rosa,* 740 F.Supp.2d 289, 293 (D.P.R.2010).

I adopt by reference the information and recommendation of the pretrial report of the United States Probation Office. Admittedly, the nature and circumstances of the offense, size and identity of the drugs involved, active role of this offender, severity of the penalties and strength of the government's case weigh heavily in this decision. *See* 18 U.S.C. § 3142(g)(1).

The defendant has failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

Defendant LUIS A. NUÑEZ–GUERRERO is detained pending trial.

It is ORDERED that LUIS A. NUÑEZ–GUERRERO be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons

awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendant LUIS A. NUÑEZ–GUERRERO be afforded reasonable opportunity to consult with his attorney in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.