UNITED STATES of America, Plaintiff

v.

Francisco GUERRA–HERNANDEZ, Defendant.

Criminal No. 15–349 (m).

United States District Court, D. Puerto Rico.

Signed March 23, 2015.

Jose A. Contreras, United States Attorneys Office, San Juan, PR, for Plaintiff.

Lydia Lizarribar–Buxo, Lizarribar Masini Law Office, San Juan, PR, for Defendant.

## ORDER OF DETENTION PENDING TRIAL

JUSTO ARENAS, United States Magistrate Judge.

Under 18 U.S.C. § 3141 *et seq.,* judicial officers are required to release defendants arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendants' appearance at all ·court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the. court of, *inter alia,* flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond. 18 U.S.C. § 3142(e). *United States*

v. Fernandez–Aviles, 27 F.Supp.3d 261, 262 (D.P.R.2014); United States v. Agosto–Vives, 757 F.Supp.2d 110, 111 (D.P.R. 2010).

The United States had moved to detain the defendant, a legal resident alien and citizen of the Dominican Republic, who is charged with a violation of 18 U.S.C. § 3146(a)(1) (failure to appear). The defendant was on bond in Criminal No. 07–344(DRD) where he was charged with conspiracy to obstruct, delay or affect commerce by means of robbery, in violation of 18 U.S.C. § 1951(a). Granted conditions of release, he failed to appear at a pretrial proceeding as directed and a warrant of arrest issued. Attempts to reach him and his family proved fruitless. The case was dismissed without prejudice on October 29, 2010. Criminal No. 07344(DRD), Docket No. 644. It also appears that he has outstanding warrants from the State of New York.

■ Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c). United States v. Fernandez–Aviles, 27 F.Supp.3d at 262; United States v. Matos–Rios, 2011 WL 814933 at *2 (D.P.R. Mar. 8, 2011); United States v. Ramos–Gonzalez, 2009 WL 1044806 at *1 (D.P.R. April 20, 2009).

■ Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history,

financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. United States v. Fernandez–Aviles, 27 F.Supp.3d at 262; United States v. Morales–Sanabria, 832 F.Supp.2d 127, 130 (D.P.R.2011); United States v. Rivera–Ibarrondo, 743 F.Supp.2d 81, 83 (D.P.R.2010). During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that " 'no condition or combination of conditions will reasonably assure' defendant's presence at trial...." United States v. Pérez–Franco, 839 F.2d 867, 870 (1st Cir.1988) (quoting United States v. Palmer–Contreras, 835 F.2d 15, 17–18 (1st Cir.1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See United States v. Patriarca, 948 F.2d 789, 792–93 (1st Cir.1991); United States v. Graham, 2014 WL 468969 at *1 (D.R.I. Feb. 6, 2014); United States v. Doe, 2012 WL 3668132 at *1 (D.N.H. Aug. 23, 2012).

The defendant does not face a lengthy term of imprisonment if found guilty but placed in context of the case in which he became a fugitive, he does face a lengthy sentence if convicted in that case.

At the detention hearing held on March 29, 2015, the United States was represented by Assistant United States Attorney Jose Contreras; the defendant was represented by attorney Juan Matos–De Juan. Parties have been fully heard by extensive proffer, which included the delicate health of the defendant and the light sentence he faces if convicted of the fugitive charges. Family members were present in court.

Considering the fact that the defendant pulled a disappearing act and sailed to the Dominican Republic when he should have

appeared in court as agreed, and has been absent from the jurisdiction since, the information clearly gravitates toward of finding that he is a risk of flight. That he suffered a catastrophic accident while in the Dominican Republic does not add anything favorable to the equation. *United States v. Berrios*, 2014 WL 3513233 at *7 n. 9 (D.P.R. June 14, 2014); *cf. United States v. Latulippe*, 2008 WL 2704230 (D.N.H. July 3, 2008). As a ward of the Bureau of Prisons, the defendant will receive the medical attention he requires while in custody. The United States Probation Office learned of his maladies upon his recent arrest, not from him previously, and not from family members who either also disappeared from sight, or lost contact with him altogether.

The defendant was indicted in 2007, became a fugitive in 2010 and has been in nearby Hispaniola since, a fugitive from American justice. *See e.g. United States v. Bethea*, 763 F.Supp.2d 50, 54 (D.D.C. 2011). I will not bring owls to Athens.

I find that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required. It is therefore

ORDERED that Francisco Guerra–Hernandez be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further

ORDERED that the defendant continue to be afforded reasonable opportunity to consult with his attorney in private. It is further

ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceedings.